Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9069 | **DATE** | 7/26/2004 |
| **CASE TITLE** | | Jonson vs. Hintz | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendants' joint motion to dismiss is granted in part and denied in part. Status hearing set for 08/02/04 to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUL 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL 27 AM 9:06 | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

WILLIAM D. JONSON, )
)
      Plaintiff, )
)
v. ) No. 03 C 9069
)
LARRY J. HINTZ, H & H SORTING, )
SERVICES, INC., an Illinois corporation, )
and H & H VENTURES, INC., an )
Illinois corporation, )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Larry J. Hintz's ("Hintz"), H&H Sorting Services, Inc.'s ("H&H Sorting") and H & H Ventures, Inc.'s ("H&H Ventures") joint motion to dismiss. For the reasons stated below, we grant the motion to dismiss in part and deny the motion to dismiss in part.

## BACKGROUND

From 1983 through 1990 Jonson worked for a trucking company owned by Hintz. In the late 1980s Hintz began a business involving the sorting of screws, fasteners, and hand assembling parts ("sorting business"). In 1991 Hintz hired

Jonson to manage the sorting business and formed an Illinois Corporation entitled H&H Sorting Services, Inc. as the entity to own and operate the business. In December of 1993 Jonson entered into a written purchase agreement ("PA") with Hintz to purchase the sorting business. In accordance with the PA, Hintz formally changed the name of his corporation from H&H Sorting Services, Inc. to H&H Ventures, Inc. in order to enable Jonson to name his new corporation H&H Sorting Services, Inc. and use the original name and good will of the company built up by Hintz.

Under the PA Jonson agreed to pay the purchase price in monthly installments over twenty years. Jonson alleges that from December of 1993 through December of 1998, he fully performed his obligations under the terms of the contract, including paying Hintz $6,000 a month towards the purchase price. In December of 1998 Jonson retired from the H&H Sorting Services, Inc. and under paragraph 25 (b) of the contract Hintz exercised his option to repurchase the shares of H&H Sorting Services, Inc. Paragraph 25(b) fo the contract provides as follows: "Upon the death of Jonson or his retirement from Buyer, Seller has an option to purchase the shares from Jonson or his estate upon the same terms and conditions of this contract for sale of shares." Thus, the terms of the new contract formed involving the repurchase by Hintz were the exact reverse of the terms in the sale from Hintz to Jonson.

Accordingly, Jonson claims that he became the seller of H&H Sorting Services, Inc. and Hintz became the buyer and all terms included in the first contract

became binding upon Hintz as a purchaser. Jonson claims that he transferred his shares of H&H Sorting Services, Inc. to Hintz and that Hintz was required in exchange to pay the calculated purchase price of $2,187,616.60. Jonson alleges that Hintz made two or three nominal payments of $1,000 but did not otherwise abide by terms of the contract.

On December 16, 2003, Jonson filed the instant action against Hintz, H&H Sorting Services, Inc., and H&H Ventures, Inc. The complaint contains a breach of contract claim (Count I), and breach of fiduciary duty claim (Count II). Defendants have brought a motion to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High*

*School*, 144 F.3d 448, 445-55 (7th Cir. 1998);*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action."" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### 1. Breach of Contract Claims (Count 1)

Hintz argues that the breach of contract claim should be dismissed against him individually. H&H Sorting Services, Inc. and H&H Ventures, Inc. provide a separate argument as to why the breach of contract claim should be dismissed

4

against them as well.

### A. Breach of Contract Claim Against Hintz

Hintz argues that he is not personally liable to Jonson because Hintz was not the seller referred to in the PA and thus he is not bound by the formed contract relating to the repurchase. Hintz re-acquired H&H Sorting Services, Inc. by exercising his option under paragraph 25(b) of the PA. Jonson and Hintz do not dispute that the contract they entered into in 1993 was for the sale of H&H Sorting Services, Inc. from Hintz to Jonson. However, the parties dispute what is meant by the term "seller" in the PA. The PA refers to the seller numerous times in the contract, sometimes in the plural, and sometimes in the singular. Hintz maintains that the parties did not intend for the term seller to refer to Hintz personally. Hintz contends that the term was intended to refer to H&H Ventures, Inc. Jonson contends that Hintz was the seller in his individual capacity and his corporate capacity as H&H Ventures, Inc. and as H&H Sorting Services, Inc.

The primary goal in contract construction is to effectuate the intent of the parties to a contract, *Ind. Ins. Co. v. Pana Cmty. Unit Sch. Dist. No. 8*, 314 F.3d 895, 900 (7th Cir., 2002); *Dix Mutual Insurance Company v. LaFramboise*, 149 Ill.2d 314, 320 (Ill. 1992), which is effectuated by looking to the contract as a whole. *LaFramboise*, 149 Ill. 2d at 320. The court can determine the intent by evaluating the language of the contract. *Jackson Nat. Life Ins. Co. v. Gofen & Glossberg, Inc*,

5

882 F.Supp. 713, 719 (N.D. Ill. 1995). In order to ascertain the intent of the parties, a court must construe the contract as a whole, taking into account the purpose and subject matter of the entire contract. *Dawn Equip. Co. v. Micro-Trak System*, 186 F.3d 981, 987 (7th 1999). If the language used in a contract is clear and unambiguous "a court must interpret the intent of the parties solely from the plain language of the contract." *Premier Title Co. v. Donahue*, 328 Ill. App.3d 161,164 (2002).

If words of a contract are unambiguous, a court must afford them their plain, ordinary, and popular meaning, but if they are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed against the drafter. *Bourke v. Dun & Bradstreet Co.*, 159 F.3d 1032, 1036 (7th Cir. 1998). Whether ambiguity exists in a contract is a matter of law. *Duquoin National Bank v. Vergennes Equip., Inc.*, 234 Ill.App.3d 998, 1003 (Ill. App. Ct. 1992). There is an ambiguity in a contract "if the words used can be interpreted in more than one sense or if the agreement is obscure through indefiniteness of expression or having a double meaning." *Id.* at 1004. Terms are given "their meaning from the context in which they are used and contracts must be viewed as a whole by viewing each part in light of the others." *Board of Trade of the City of Chicago v. Dow Jones & Company, Inc.*, 456 N.E.2d 84, 90 (Ill. 1983).

Jonson alleges that this contract as a whole and in the light most favorable to Jonson, the contract is ambiguous as to what is truly meant by "seller". Whether

"seller" is meant to be Hintz in his individual capacity, or H&H Ventures, Inc., or H&H Sorting Services, Inc. is susceptible to more that one reasonable interpretation. Jonson alleges that Hintz drafted the PA and thus the ambiguity must be construed against the drafter. We note that we are merely ascertaining whether or not Jonson states a claim against Hintz and are not interpreting the terms of the PA or making a finding in regards to this issue at this juncture. *See Jackson Nat. Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F.Supp. 713, 723 (N.D. Ill. 1995)(denying motion to dismiss because of an ambiguity in the agreement at issue and "the need for the resolution of factual issues to clarify the scope of [of the terms.]. . . ."). Making all inferences in Jonson's favor and accepting his allegations as true, we cannot find that it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Therefore we deny the motion to dismiss the breach of contract claim against Jonson.

### B. Breach of Contract Claim Against Corporations

H&H Sorting Services, Inc. and H&H Ventures, Inc. argue that the breach of contract claim should be dismissed against them because the complaint does not specifically allege that they exercised an option to re-purchase the stock from Jonson. However, such an argument is an overly technical view of pleading and is entirely inconsistent with the notice pleading standard applied in federal court. The allegations provide the corporate Defendants with sufficient notice of the claims

7

against them. The corporations are both owned and operated by Hintz who is the other named defendant. Therefore, we deny the motion to dismiss the breach of contract claim against H&H Sorting Services, Inc. and H&H Ventures, Inc.

II. Breach of Fiduciary Duty Claims

Defendant Hintz argues that the breach of fiduciary duty claim brought against Hintz should be dismissed because Hintz did not owe a fiduciary duty to Jonson. Jonson argues that by refusing to pay the money owed under the option contract and by drafting the original contract ambiguously and in a self-serving manner, that Hintz breached a fiduciary duty owed to Jonson. Jonson argues a fiduciary relationship arose because Hintz is a director and shareholder of H&H Sorting Services, Inc. and Hintz owed Jonson a fiduciary duty as a "partner" in a corporation. However, Jonson does not allege that he and Hintz were ever owners of H&H Sorting Services, Inc at the same time and thus, one could not owe a duty to the other. Jonson also argues that individuals who control corporations owe a fiduciary duty to their corporations and their shareholders. However, Jonson failed to allege in his complaint a time when both he and Hintz were shareholders in the same corporation at the same time, thus no fiduciary relationship could arise within this context.

A fiduciary relationship exists in situations "where one party possesses

superior knowledge and influence over the other party, and occupies a position of special trust." *Commodity Futures Trading Com'n v. Heritage Capital Advisory Services, Ltd.*, 823 F.2d 171, 173 (7th Cir. 1987)(citing *A.T. Kearney, Inc. v. INCA Int'l Inc.*, 477 N.E.2d 1326 (Ill. 1985)). Jonson has failed to allege that the PA and the re-purchase contract were anything other than arms-length transactions. Hintz did not become a fiduciary of Jonson merely because he drafted the PA. Even when accepting Jonson's allegations as true and making inferences in his favor, Jonson fails to state a claim for breach of a fiduciary duty against Hintz or the corporate Defendants. Therefore, we grant the motions to dismiss the breach of fiduciary duty claims.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss the breach of contract claims (Count I) and grant the motions to dismiss the breach of fiduciary duty claims (Count II).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 26, 2004

9